UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
SEP 30 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

JOSE SANTOS-ROSARIO,

        Petitioner,                Case Number: 05-CV-70456-DT

v.                                      HONORABLE GERALD E. ROSEN

PAUL H. RENICO,

        Respondent.
_____/

## OPINION AND ORDER CONDITIONALLY GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jose Santos-Rosario filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 2002 conviction for possession with intent to deliver over 225 grams of cocaine. Petitioner is currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. The Court finds that Petitioner was denied his constitutional right to the appointment of appellate counsel in his first-tier appellate review. Therefore, the Court shall conditionally grant the writ in part, allowing the State a reasonable time to correct the constitutional violation.

### I.

Petitioner pleaded guilty in Kent County Circuit Court to possession with intent to deliver over 225 grams of cocaine. On February 26, 2002, he was sentenced to fifteen to thirty years imprisonment.

Petitioner filed an application for appointment of appellate counsel at public

expense in the trial court. The trial court denied the motion. People v. Santos-Rosario, No. 01-02475-FH (Kent County Circuit Court Aug. 11, 2002).

Petitioner filed a *pro se* application for leave to appeal in the Michigan Court of Appeals presenting the following claims:

> I. The defendant was denied due process and equal protection of the laws by being denied his timely notice of appeal and request for appointment of appellate counsel to assist him on direct review.
>
> II. The defendant's Sixth and Fourteenth Amendment rights were violated when the attorney negotiating the defendant's plea and monitoring the negotiation of the on-going further improvements of the sentencing recommendations the defendant was to receive as part of the agreement performed ineffectively and was not present at the defendant's sentencing.
>
> III. The trial court committed reversible error, violating the defendant's rights to due process and equal protection of the laws, by failing to inform the defendant of his right to withdraw from the breached bargain entered into with the state and failing to require that the government provide the defendant with the specific performance agreed upon.
>
> IV. Consistent with due process and equal protection of the laws, the defendant should be resentenced because the Michigan legislature codified the applicable sentencing guidelines for the specific offense the defendant pled guilty to in M.C.L. 769.34 and M.C.L. 777.13, and therefore, the ameliorative amendments taking effect March 1, 2003, abolishing mandatory minimum sentences for this offense, should be given concrete retroactive application in compliance with the legislative intent that this defendant would be sentenced under the codified legislative guidelines on February 26, 2002, absent the mandatory minimum sentencing scheme.
>
> V. The defendant should equally receive retroactive benefit of the legislative ameliorative amendments abolishing mandatory minimum sentences on March 1, 2003, because he filed a claim of direct appeal on March 20, 2002, which if honored, would have resulted in his direct appeal pending when the ameliorative amendments took effect.

The Michigan Court of Appeals denied leave to appeal. People v. Santos-Rosario, No. 253724 (Mich. Ct. App. May 19, 2004).

Petitioner filed a *pro se* application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Santos-Rosario, No. 126312 (Mich. Dec. 29, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same claims presented to the Michigan state courts.

## II.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d

3

429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases....
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

4

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

### III.

In 1994, the Michigan State Constitution was amended to provide that "an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court." Mich. Const., Art. 1, § 20. Thereafter, "several Michigan state judges began to deny appointed appellate counsel to indigents" convicted by plea. Kowalski v. Tesmer, 543 U.S. __, __, 125 S. Ct. 564, 566 (2004). The Michigan legislature codified this practice in 2000. Mich. Comp. Laws § 770.3a (West 2000). The Michigan Supreme upheld the practice of denying plea-convicted indigent defendants appointed counsel on appeal in People v. Harris, 470 Mich. 882 (2004), and People v. Bulger, 462 Mich. 495, 511 (2000).

In his petition, Petitioner argues, *inter alia*, that the denial of appointed counsel in the first appeal from his guilty-plea conviction is unconstitutional. In Halbert v. Michigan, __ U.S. __, 125 S. Ct. 2582, 2586 (2005), the United States Supreme Court held that the "Due Process and Equal Protection Clauses require the appointment of

5

counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." Following the Supreme Court's decision in Halbert, Respondent filed an answer confessing error with respect to this issue.

Respondent's confession of error, while "entitled to and given great weight," does not "'relieve this Court of the performance of the judicial function.'" Sibron v. New York, 392 U.S. 40, 58 (1968), *quoting* Young v. United States, 315 U.S. 257, 258 (1942). When a confession of error is "'made by the official having full authority for prosecution on behalf of the government it is entitled to even greater deference.'" Keyes v. Renico, 2005 WL 2173212 *3 (E.D. Mich. Sept. 2, 2005) (Tarnow, J.), *quoting* Korematsu v. United States, 584 F. Supp. 1406, 1413 (N.D. Cal. 1984). In light of the Supreme Court's decision in Halbert, and Respondent's confession of error, the Court concludes that Petitioner is entitled to habeas corpus relief because the denial of appointed appellate counsel in his first-tier appellate review violated the Equal Protection and Due Process Clauses.

In Halbert, the petitioner, who pleaded *nolo contendere* in state trial court to two counts of second-degree criminal sexual conduct, challenged the state court's denial of his request for appointed counsel. The petitioner in Halbert argued that his application for leave to appeal to the Michigan Court of Appeals was a first-tier appellate proceeding requiring appointment of counsel under Douglas v. California, 372 U.S. 353 (1963). Michigan argued that the appeal instead fell under the rubric of Ross v. Moffitt, 417 U.S.

6

600 (1974), which held that a state need not appoint counsel to aid an indigent person in a discretionary appeal to the state's highest court.

The Supreme Court held that, although review by the Michigan Court of Appeals in a guilty plea case was discretionary, as was the appeal in Ross, the review provided by the Michigan Court of Appeals was analogous to that provided in Douglas, rather than Ross. Key to the Court's holding were two aspects of the Michigan appellate process. First, "in determining how to dispose of an application for leave to appeal, Michigan's intermediate appellate court looks to the merits of the claims made in the application." Id. at 2590. This error-correction review provided by the Michigan Court of Appeals is identical to the review provided by the state in Douglas, and is in contrast to the review provided by the state supreme court in Ross, which did not "sit as an error-correction instance." Id. at 2590. The Court reasoned that, "[w]hether formally characterized as the decision of an appeal or the disposal of a leave application, the Court of Appeals' ruling on a plea-convicted defendant's claims provides the first, and likely the only, direct review the defendant's conviction and sentence will receive." Id. at 2591.

Second, indigent defendants pursuing first-tier review are particularly ill-prepared to act as their own representatives as many "lack the most basic literacy skills . . . and [many] . . . have learning disabilities and mental impairments." Id. at 2592-93. In addition, while the Court recognized that states have a legitimate interest in reducing the workload of their judiciary, the Court found that appointing appellate counsel for indigent

7

defendants would ultimately conserve judicial resources as the applications filed would be easier to comprehend. Id. at 2594. Thus, the Court concluded that defendants who plead *nolo contendere* or guilty have a constitutionally guaranteed right to appointed counsel for first-level appellate review.

This Court concludes that the state court's denial of appointed counsel to Petitioner on direct appeal was an unreasonable application of Douglas, which established the right to counsel on appeal, and Halbert, which reestablished that right. Petitioner is therefore, entitled to habeas corpus relief.

The Court must now determine the appropriate remedy. A federal court has "broad discretion in conditioning a judgment granting habeas corpus relief," and may dispose of habeas corpus cases "'as law and justice require.'" Hilton v. Braunskill, 481 U.S. 770, 775 (1987), *quoting* 28 U.S.C. § 2243. The Supreme Court has affirmed the issuance of a conditional writ of habeas corpus requiring a state court to grant petitioner a new appeal of right where the petitioner received ineffective assistance of appellate counsel on direct review. Evitts v. Lucey, 469 U.S. 387 (1984). *See also* Keyes, 2005 WL at *4 (holding that the appropriate remedy for a petitioner who was improperly denied counsel in first appeal was to issue a writ conditioned upon the State of Michigan appointing counsel and providing a new discretionary appeal); Mason v. Hanks, 97 F.3d 887, 902 (7th Cir. 1996) (holding, on habeas review, that the failure of appellate counsel to pursue an issue on appeal, when an effective advocate would have, entitles him to a

second chance at direct appellate review); Whiting v. Burt, 266 F. Supp. 2d 640, 646-47 (E.D. Mich. 2003) (Tarnow, J.) (conditionally granting writ of habeas corpus and ordering that writ will be granted if petitioner is not permitted to reinstate his appeal of right with the assistance of counsel); Benoit v. Bock, 327 F. Supp. 2d 804 (E.D. Mich. 2003) (Lawson, J.) (same).

The appropriate remedy in this case is to conditionally grant a writ. Within ninety days from the date of this Order, the State of Michigan should appoint counsel for Petitioner. Petitioner, through appointed counsel, should be permitted to file an application for leave to appeal in the Michigan Court of Appeals. If counsel is not appointed or if the Michigan Court of Appeals does not accept the application for filing, Petitioner should seek further relief in this Court.

The Court has determined that Petitioner is entitled to provisional habeas corpus relief on his appellate counsel claim. The Court has further determined that the proper immediate relief is for Petitioner to be afforded appointed counsel and an opportunity to file an application for leave to appeal in the Michigan Court of Appeals. Based upon these conclusions and the likelihood that the remaining claims presented herein will be presented to the state appellate court in Petitioner's new appeal, the Court declines to address Petitioner's remaining claims for habeas corpus relief.

## IV.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **CONDITIONALLY GRANTED IN PART**. Within ninety days from the date of this Order, the State of Michigan shall appoint counsel for Petitioner. Appointed counsel shall file an application for leave to appeal in the Michigan Court of Appeals. If counsel is not appointed or if the Michigan Court of Appeals does not accept the application for filing, Petitioner should advise this Court and the Court will provide further relief as law and justice require.

        s/Gerald E. Rosen  
        Gerald E. Rosen  
        United States District Judge

Dated: September 30, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2005, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry  
        Case Manager