UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE SANTOS-ROSARIO,

        Petitioner,               Case Number: 05-CV-70456

v.                                       HONORABLE GERALD E. ROSEN

PAUL H. RENICO,

        Respondent.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR ISSUANCE OF WRIT OF HABEAS CORPUS

Petitioner Jose Santos-Rosario filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 2002 conviction for possession with intent to deliver over 225 grams of cocaine. The Court held that Petitioner was denied his constitutional right to the appointment of appellate counsel in his first-tier appellate review, and conditionally granted the writ in part, allowing the State a reasonable time to correct the constitutional violation. Petitioner has now filed a Motion for Issuance of Writ of Habeas Corpus on the ground that the State has failed to correct the constitutional violation within the time prescribed.

Petitioner pleaded guilty in Kent County Circuit Court to possession with intent to deliver over 225 grams of cocaine. Petitioner filed an application for appointment of appellate counsel at public expense in the trial court. The trial court denied the motion. People v. Santos-Rosario, No. 01-02475-FH (Kent County Circuit Court Aug. 11, 2002).

Petitioner proceeded to appeal his conviction *pro se* in the Michigan Court of Appeals and Michigan Supreme Court.  After both state courts denied leave to appeal, Petitioner filed a petition for a writ of habeas corpus in this Court, claiming, *inter alia*, that the denial of appointed counsel in the first appeal from his guilty-plea conviction was unconstitutional.  The Court agreed, citing Halbert v. Michigan, ___ U.S. ___,125 S. Ct. 2582, 2586 (2005) (holding that the "Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals").  The Court issued an Opinion and Order Conditionally Granting in Part Petition for Writ of Habeas Corpus (Conditional Writ).  The Conditional Writ required the State of Michigan to appoint appellate counsel for Petitioner within ninety days, and provided that Petitioner, through appointed counsel, should be permitted to file an application for leave to appeal in the Michigan Court of Appeals.  The Conditional Writ further required that, if the State failed to appoint counsel or if the Michigan Court of Appeals did not accept the application for filing, Petitioner should seek further relief in this Court.

Petitioner seeks issuance of an unconditional writ of habeas corpus because the State failed to appoint appellate counsel within ninety days as directed in the Court's Conditional Writ.  Respondent has filed a Response to Motion for Execution of Order admitting that the State failed to comply with the ninety-day time period in appointing appellate counsel. Respondent states that the State appointed appellate counsel on January 13, 2006, approximately two weeks after expiration of the ninety-day period.

Conditional writs allow "federal courts [to] delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." Hilton v. Braunskill, 481 U.S. 770, 775 (1987). When a petitioner alleges noncompliance with a conditional writ, "the district court must make a finding concerning the sufficiency of the action that the state took pursuant to its mandate." Phifer v. Warden, United States Penitentiary, Terre Haute, Ind., 53 F.3d 859, 865 (7th Cir. 1995). If a district court determines that the State failed to comply with the directions of a conditional writ, the district court may order a petitioner's unconditional release. See Grasso v. Norton, 520 F.2d 27, 37 (2d 1975); Rosa v. McCray, 2004 WL 2827638 *5 (S.D. NY Dec. 8, 2004). A district court may also, in its discretion, grant the State an extension of time to comply with the conditional writ. Chambers v. Armontrout, 16 F.3d 257, 261 n.2 (8th Cir. 1994).

In this case, the State failed to appoint appellate counsel within ninety days as required by the Conditional Writ. Instead, the State appointed appellate counsel approximately two weeks after expiration of ninety-days. While the Court does not condone the State's failure to strictly comply with the unambiguous language of the Conditional Writ, the State has substantially complied with the Conditional Writ by appointing appellate counsel. Petitioner has not shown that he was prejudiced by the two-week delay. The Court has broad discretion in fashioning habeas corpus relief and may dispose of petitions "'as law and justice require.'" Hilton, 481 U.S. at 775, *quoting* 28 U.S.C. § 2243. In this case, the Court finds that justice would not be served by ordering

the unconditional release of Petitioner based upon the State's two-week delay in complying with the Conditional Writ. Therefore, the Court shall deny Petitioner's Motion. This denial is without prejudice to Petitioner's right to seek further relief should he allege any other failure of the State to comply with the Conditional Writ.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Issuance of Writ of Habeas Corpus is **DENIED WITHOUT PREJUDICE**.


                           s/Gerald E. Rosen
                           Gerald E. Rosen
                           United States District Judge

Dated: March 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2006, by electronic and/or ordinary mail.

                           s/LaShawn R. Saulsberry
                           Case Manager